## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Glenn Harbin being first duly sworn, do depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since January 2024. I am assigned to the FBI New Haven Division, Meriden Resident Agency and investigate violations of federal law in the District of Connecticut. Currently, I am on Temporary Duty Assignment in Memphis, Tennessee working on the Memphis Safe Streets Task Force (MSTF).

2. As part of my daily duties, I investigate criminal violations relating to violent crimes including but not limited to narcotics trafficking, firearms trafficking, unlawful possession of firearms, and crimes involving criminal street gangs where its primary purposes the commission of one or more specific criminal offenses. I have also investigated crimes related to Title 21, United States Code, Section 841 and Title 21, United States Code, Section 846 which involve crimes surrounding the illegal distribution of controlled substances, the possession of controlled substances with the intent to distribute them, and conspiracy to distribute controlled substances.

3. Based on my training and experience and the facts set fourth in this Affidavit, there is probable cause to believe that SHONE PUGH (PUGH) has violated Title 18 United States Code Section 111(b) which makes it unlawful for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated as an officer or employee of the United States or of any agency in any branch of the United States Government while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties.

4. The facts contained in the affidavit are based on firsthand knowledge or information learned during this investigation from other law enforcement sources or witnesses related to this investigation. The complaint does not provide each and every detail known by your affiant regarding this investigation, but rather provides information necessary to establish probable cause that PUGH violated Title 18 United States Code Section 111(b). Except where indicated, all statements referred to below are set fourth in substance and in part, rather than verbatim.

## INCIDENT

5. On or about 12 November 2025 at approximately 9:30 p.m., Tennessee Highway Patrol (THP) Trooper Carter and United States Marshal Service (USMS) Senior Inspector Jimmy Chilton (JC) observed a dark colored SUV bearing a TN plate "BTG-4396" run a red light.

6. Trooper Carter initiated a traffic stop on the SUV while in a marked THP vehicle equipped with emergency lights. The driver of the vehicle was identified as Cordaries Pugh (C. Pugh), and the passenger was identified as PUGH.

7. During the traffic stop, PUGH was approached by JC in the passenger seat. JC was wearing his department issued tactical vest with the words "POLICE U.S. MARSHAL" visible on the front. When asked where his identification was, PUGH stated that it was in a bag in the back seat. JC retrieved the bag from the back seat to get the identification. After PUGH exited the vehicle, JC observed PUGH begin to move his hands in a suspicious manner near his waistline. JC then attempted to conduct a high-risk search of S. PUGH. At this point, S. PUGH shoved back into JC and attempted to flee, throwing JC to the ground in the process. JC and S. PUGH both landed in the travel lanes of the road and began struggling with each other. During the struggle, a firearm magazine from S. PUGH's person hit the ground. During the struggle, S. PUGH continued to reach under his body towards his waistline.

8.      While the struggle continued, Trooper Carter ran over to help handcuff S. PUGH. As Carter and S. PUGH struggled, JC gained his feet and deployed his taser. The taser eventually overcame S. PUGH's resistance and he was placed into handcuffs. Following the arrest, JC and Carter noticed a pistol on the ground near the area they fought with S. PUGH.

9.      The pistol that fell to the ground had the serial number "AYP038US" and had a Kansas City Police Department badge logo engraved into it. The FBI conducted a database search for this serial number and determined it was reported stolen. The pistol was seized at the scene.

## INJURIES SUSTAINED

10.     As a result of the struggle with S. PUGH, JC's forehead was cut open and he suffered wounds on his arms. Emergency Medical Services (EMS) arrived on scene to treat the wounds.

## CONCLUSION

11.     Based on my investigations, I believe there is probable cause to believe that PUGH committed the criminal violations as set forth in this criminal complaint and respectfully request that the Court issue an arrest warrant.

Respectfully Submitted,

_____*Glenn Harbin*_____
Glenn Harbin, Special Agent
Federal Bureau of Investigation

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on November 13, 2025.

/s/ Charmiane G. Claxton
4:06 PM, Nov 13, 2025

_____
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF TENNESSEE